**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Alper Photo Collection LLC, et al., | No. CV-14-00202-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Tony Beram, et al., | |
| Defendants. | |

The Court issued an order on April 9, 2014, requiring the parties to submit memoranda addressing the Court's subject matter jurisdiction. Doc. 31. The Court has reviewed the parties' submissions (Docs. 33, 34, 35), and concludes that it does not have subject matter jurisdiction over this case.

**I.     Background.**

Plaintiffs are The Joe Alper Collection, LLC (the "Alper Collection") and Edward Elbers, who is alleged to be the sole member of the Alper Collection. Doc. 1, ¶¶ 6-7. Defendant George Alper formerly held a 50% interest in the Alper Collection. *Id.*, ¶ 18. In August 2006, Defendant Tony Beram is alleged to have loaned George Alper approximately $65,000 in exchange for a purported security interest in photographs of Bob Dylan (the "Dylan images"). *Id.*, ¶¶ 48, 52. Plaintiffs allege that the Dylan images are, and always have been, property of the Alper Collection and that George was not authorized to transfer or grant a security interest in the Dylan images. *Id.*, ¶¶ 46, 55. George Alper filed for bankruptcy protection in early 2009 (*id.*, ¶ 58), and his case was reopened in 2013 to deal with his ownership interest in the Alper Collection and the debt

owed to Tony Beram (*id.*, ¶¶ 59-61).  Beram filed a proof of claim asserting a secured claim in the amount of $63,947.84 and an unsecured claim in the amount of $62,697.95. *Id.*, ¶ 65.  The bankruptcy trustee held a sale of George Alper's 50% interest in the Alper Collection, which was purchased by Elbers for $25,000.  *Id.*, ¶ 70.  Elbers now alleges that Tony Beram has filed an amended proof of claim in the bankruptcy proceeding claiming a security interest in the Dylan images.  *Id.*, ¶ 73.

Plaintiffs claim that George and Tony have converted the Dylan images, which they allege are worth at least $50,000.  *Id.*, ¶ 112.  Plaintiffs also claim that they will be damaged in the amount of $25,000 (the amount paid by Elbers for George's 50% interest in the Alber Collection) unless George and Tony are estopped from changing their positions with respect to the ownership of the Dylan images.  *Id.*, ¶ 170.  Finally, Plaintiffs allege that they are entitled to attorneys' fees pursuant to A.R.S. § 12-341.01 for claims arising out of contract.  *Id.*, ¶¶ 126, 134.

**II.     Diversity Jurisdiction.**

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Fenton v. Freedman*, 748 F.2d 1358, 1359, n.1 (9th Cir. 1994).  The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332.

Plaintiffs' have alleged damages in the amount of $50,000 for the conversion of the Dylan images and $25,000 for the 50% ownership interest in the Alper Collection purchased in the bankruptcy trustee's sale.  Plaintiffs also allege, however, that they believed that the Dylan images were owned by the Alper Collection at the time of the bankruptcy sale.  Doc. 1, ¶¶ 162-62.  As a result, the $25,000 paid for George Alper's interest would necessarily have included 50% of the value of the Dylan images. Plaintiffs cannot include the value of the Dylan images twice in their calculations in order to meet the amount in controversy requirement.  Moreover, Plaintiffs have not alleged

1    any estimate of the attorneys' fees to which they would be entitled in this action. As a

2    result, the Court cannot conclude that Plaintiffs have demonstrated that the amount in

3    controversy exceeds $75,000.

4    **III.    Federal Question Jurisdiction.**

5         The Court has subject matter jurisdiction over cases involving federal questions

6    pursuant to 28 U.S.C. § 1331. Plaintiffs assert that the Declaratory Judgment Act, 28

7    U.S.C. § 2201, forms the basis of their claims. Doc. 33 at 2. The Declaratory Judgment

8    Act provides that "[i]n a case of actual controversy within its jurisdiction," the Court

9    "may declare the rights and other legal relations of any interested party seeking such

10   declaration[.]" 28 U.S.C. § 2201(a). Plaintiffs must accordingly demonstrate the

11   existence of an actual controversy within the Court's jurisdiction.

12        Plaintiffs contend that "there clearly exists a substantial controversy as to the

13   ownership of the copyright interests in the [Dylan images], which requires judicial

14   intervention at this time." Doc. 33 at 3. Under Ninth Circuit law, however, "it is well

15   established that just because a case involves a copyright does not mean that federal

16   subject matter jurisdiction exists." *Scholastic Entm't, Inc. v. Fox Entm't Grp*, 336 F.3d

17   982, 985 (9th Cir. 2003). In cases involving copyright claims, a district court is required

18   "to exercise jurisdiction if (1) the complaint asks for a remedy expressly granted by the

19   Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or

20   (3) federal principles should control the claims." *Id.* at 986 (citing *T.B. Harms Co. v.*

21   *Eliscu*, 339 F.2d 823 (2d Cir. 1964)).

22        Plaintiffs claim that both sides are asking the Court to interpret the Copyright Act,

23   "including the statutory requirement of a writing to transfer a copyright as opposed to

24   possession, in determining whether legal transfers were effectuated as a matter of law."

25   Doc. 33 at 4. Defendants contend that Plaintiffs' complaint does not require an

26   interpretation of the Copyright Act and that ownership of the Dylan images is the only

27   issue presented by this case. Docs. 34, 35. The Court agrees. Plaintiffs' complaint does

28   not ask the Court to interpret the Copyright Act. Rather, it asks the Court to hold that the

Alper Collection is the sole owner of the Dylan images and that Tony Beram does not have a valid security interest in the images. Doc. 1 at 12. A dispute over ownership of a copyright, without more, does not provide a basis for federal question jurisdiction. *See Scholastic Entm't, Inc.*, 336 F.3d at 986.

**IT IS ORDERED** that this case is **dismissed** for lack of subject matter jurisdiction. The Clerk is directed to **terminate** this action.

Dated this 7th day of May, 2014.

David G. Campbell
United States District Judge

- 4 -